Filed 10/9/15  P. v. Brown CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE BROWN,<br><br>    Defendant and Appellant. | A143414<br><br>(Alameda County<br>Super. Ct. No. C171180) |

On May 14, 2014, Eddie Brown was convicted on his plea of no contest to the first degree murder of Roshun Broadnax (Pen. Code, § 187).[1]  The murder occurred on July 10, 1987.  His sentence included an order to pay a $10,000 parole revocation fine, suspended unless parole is revoked.  (§ 1202.45)  Brown contends that the parole revocation fine is unlawful because section 1202.45 was not enacted until 1995—after the date of Brown's offense.  The People agree, as do we.

## I.    FACTUAL AND PROCEDURAL HISTORY

On July 10, 1987, Broadnax was found strangled to death behind the carport of an Oakland apartment building.  She had several broken fingernails and injuries to her body, showing signs of a struggle.  Three witnesses saw Brown with Broadnax the day before her body was found.  One witness saw Brown and Broadnax enter a house across the street from the witness's front door.  At about 10:00 or 11:00 p.m., the witness heard the woman yelling for help for about an hour.  Later, the witness observed Brown carry an

---

[1] All statutory references are to the Penal Code.

object across the street into the carport area. A fingernail from the victim's body was preserved in evidence, but not tested for trace DNA evidence until April 18, 2012. A comparison to a sample from Brown in the Combined DNA Index System matched Brown's profile, and Brown was charged with the murder. It was alleged that Brown committed the offense while engaged in the commission of rape (§ 190.2, subd. (a)(17)(C) [special circumstance requiring imprisonment for life without the possibility of parole]). On May 14, 2014, Brown pled no contest to first degree murder, and the special circumstance allegation and other sentencing enhancement allegations were dismissed.

At sentencing on September 3, 2014, Brown was sentenced to 25 years to life imprisonment.[2] The sentence terms included imposition of a suspended $10,000 parole revocation fine under section 1202.45. Brown challenges only that portion of his sentence imposing the parole revocation fine, alleging that it constitutes ex post facto punishment.

## II.    DISCUSSION

Article I, section 10, clause 1 of the federal Constitution, and article I, section 9 of the California Constitution prohibit enactment of ex post facto laws. "Although the Latin phrase '*ex post fact*' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." (*Collins v. Youngblood* (1990) 497 U.S. 37, 41.) The high court has stated the prohibition of the ex post facto clause in simple terms: "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." (*Id*. at p. 43; *People v. Castellanos* (1999) 21 Cal.4th 785, 791.)

While the penalty imposed under section 1202.45 arguably relates only to postconviction conduct, the United States Supreme Court has found otherwise. (*Johnson*

---

[2] Brown made an oral motion to withdraw his plea, which was denied. Brown obtained no certificate of probable cause (§ 1237.5), and that ruling is not at issue in this appeal.

*v. United States* (2000) 529 U.S. 694, 701 [postrevocation penalty of an additional period of supervised release relates to the original conviction, not the new conduct].) "Treating postrevocation sanctions as part of the penalty for the initial offense" is necessary because "the violative [postconviction] conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt. . . . [Additionally,] [w]here the acts of [parole] violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense." (*Id.* at p. 700.)

The Legislature did not enact section 1202.45 until 1995. (Stats. 1995, ch. 313, § 6, p. 1758, eff. Aug. 3, 1995.) In *People v. Callejas* (2000) 85 Cal.App.4th 667, our colleagues in the Second District Court of Appeal relied on *Johnson v. United States, supra,* 529 U.S. 694, in concluding that imposition of a parole revocation fine under section 1202.45 "is clearly a postrevocation penalty and, under *Johnson*, we must 'attribute postrevocation penalties to the original conviction.' Therefore, applying section 1202.45 to Callejas, whose underlying crime preceded the enactment of that statute, would violate ex post facto principles." (*Callejas,* at p. 678, fns. omitted; see *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181–1182.) The People concede that the fine should be stricken.

### III.   DISPOSITION

The judgment is modified by striking the parole revocation fine imposed under section 1202.45. The clerk of the Alameda County Superior Court is directed to prepare an amended abstract of judgment. As so modified, the judgment is affirmed.

                                             _____

BRUINIERS, J.

WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.